UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRYANT KEITH BROWN,

    Plaintiff,

v.

DR. DO WILLIAMS,

    Defendant.

                               /

No. C 15-2040 NC (PR)

**ORDER VACATING ORDER DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE; ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION**

      Plaintiff Bryant Keith Brown, a California state prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that Defendant Dr. Do Williams at Salinas Valley State Prison was deliberately indifferent to his serious medical needs.  The Court initially denied Plaintiff's motion to proceed in forma pauperis.  In a separate order, the Court has reconsidered its decision and has now granted Plaintiff in forma pauperis status.  As such, the Court's previous order directing Plaintiff to file proof of service on Defendant is VACATED.  Defendant is directed to file a dispositive motion or notice regarding such motion.

## DISCUSSION

**I. Standard of Review**

      A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the Court must identify any cognizable claims,

and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II. Plaintiff's Claim**

Upon review of Plaintiff's allegations, the Court finds that, liberally construed, Plaintiff has stated a claim against Defendant for deliberate indifference to his serious medical needs.

**CONCLUSION**

1. The Clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge consent form, and a copy of this order to **Dr. Do Williams** at **Salinas Valley State Prison**. The Clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, and Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendant is asked to read the statement set forth at the bottom of the waiver form that

more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     3.     No later than **sixty (60) days** from the date the waivers are sent from the court, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.  **At that time, Defendant shall also file the magistrate judge consent form.**

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

     4.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

     5.     Defendant shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

     7.     All communications by the Plaintiff with the court must be served on Defendant or Defendant's counsel, by mailing a true copy of the document to Defendant or Defendant's counsel.

3

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 26, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge